1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMONA VALLEY HOSPITAL MEDICAL CENTER, a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>COVENTRY HEALTH CARE, INC., a Maryland corporation; US BENEFITS INSURANCE SERVICES, LLC, a Nevada limited liability company, dba EMPLOYER STOP LOSS INSURANCE SERVICES, LLC, P5 HEALTH PLAN SOLUTIONS, a Utah corporation; LEAVITT GROUP ENTERPRISES, INC., a Nevada corporation, and DOES 1-10 inclusive,<br><br>              Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. CV 10-1067 PA (PLAx)<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: February 12, 2010<br><br>Dept.:        15<br>Judge:       Hon. Percy Anderson<br>Mag. Judge: Paul Abrams<br>Trial Date:  February 15, 2011<br><br>[DISCOVERY MATTER] |

The parties to this action, by and through their counsel, have filed a Stipulation and sought this Court's approval of a Protective Order to govern the discovery of information and materials deemed confidential by the parties. For good cause, the

-1-                           Case No. CV 10-1067 PA (PLAx)

1 parties, by and through their counsel, have represented to the Court that they
2 anticipate in this action that discovery will include the exchange of certain documents
3 and information that are normally kept confidential by the parties, either for
4 proprietary, commercially competitive reasons, as required by contracts, and/or to
5 comply with the Health Insurance Portability and Accountability Act (HIPAA) and
6 other medical and personal privacy grounds of the individual patient at issue.  The
7 parties have requested this Order is to protect the confidentiality of such materials as
8 much as practical during the litigation.

9     1.    This Protective Order shall govern the use and dissemination of all
10 information, documents, and/or materials as may be produced by the parties and/or
11 admitted into evidence during deposition or trial within the above-captioned action.

12     2.    Discovery in this action may involve disclosure of private, confidential
13 personal medical and/or patient records, trade secrets, confidential research,
14 development or commercial information, proprietary materials including manuals,
15 business strategies, financial data, client and vendor information, marketing plans,
16 medical information pertaining to any party or third party, and other confidential,
17 proprietary or non-public business, technical, employee, and financial information as
18 is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  This Protective
19 Order shall govern the production in this action of all documents or other information
20 through formal discovery procedures, including, without limitation, documents in
21 written or electronic form produced as initial disclosures, in response to requests for
22 production of documents, answers to special interrogatories, requests for admission,
23 and deposition or other oral testimony (collectively "Discovery Materials").  This may
24 include but shall not be limited to correspondence, memoranda, notes, deposition
25 transcripts and exhibits, business plans, training materials, policies and procedures,
26 financial records, personnel records, medical records, marketing materials, third-party
27 contracts, income tax returns, sales invoices and other sales information.
28

3. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order or the production of any information or documents under the terms of this Protective Order or any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party on the merits of this action or as to any objection to any discovery request.

4. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own information contained in its own documents and materials, regardless of whether such documents are designated Confidential by a Producing Party or any other party.

5. The term "counsel" or "attorney" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

> HOOPER, LUNDY & BOOKMAN, P.C.
> 101 West Broadway, Suite 1200
> San Diego, CA 92101
>
> WILSON TURNER KOSMO LLP
> 550 West C Street, Suite 1050
> San Diego, California  92101
>
> MESERVE, MUMPER & HUGHES LLP
> 300 South Grand Avenue, 24th Floor
> Los Angeles, California 90071-3185

 "Counsel" or "attorney" shall also include in-house attorneys for Defendants, as well as any other counsel retained in this action in the future.

### CONFIDENTIAL INFORMATION:

6. Any document, thing, material, testimony, or other information derived there from, and any other form of evidence which, in the good-faith opinion of the party providing such discovery material ("Producing Party"), contains any trade secret

or other confidential or proprietary information or any information that involves privacy concerns regarding any third party, any party or the employee, officer, director or representative of a party may be designated by the Producing Party as "CONFIDENTIAL INFORMATION." Confidential Information, designated as such in accordance with this Protective Order, shall be used by the party who has propounded the discovery request seeking the Confidential Information ("Requesting Party") only for the purposes of preparation of this matter for trial and may be disclosed or made available only to persons specified in Paragraph 9 herein.

7. Confidential Information may be identified and made subject to this Protective Order as follows:

   a. With respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential Information appears with a legend designating that the page is confidential, subject to a protective order. The terminology used to mark the documents as confidential, subject to this protective order is left to the discretion of the party so designating, but must be done in a manner, with wording that makes clear the intent the document be treated as confidential, subject to this protective order. For example, the designating party can mark the document simply with the designation "subject to protective order," or "confidential," or "confidential - subject to protective order."

   b. Testimony or information disclosed at a deposition, conference or hearing may be designated by a party as Confidential Information by indicating on the record at the deposition, conference or hearing the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a party may designate testimony or information disclosed at a deposition or other proceeding as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be

1  received thirty (30) days prior to a hearing or conference, at which a party intends to
2  use the transcript or information), of the specific pages and lines of the transcripts that
3  are to be designated Confidential Information. Each party shall attach a copy of such
4  written statement to the face of the transcript and each copy thereof in its possession,
5  custody or control. Whether or not designation is made at the time of a deposition or
6  other proceeding, all depositions or other transcripts shall be treated as Confidential
7  Information from the taking of the deposition or other proceeding until within thirty
8  (30) days of receipt of the transcript (or within a shorter time as agreed by the parties
9  in the event the deposition transcript or information cannot be received thirty (30)
10 days prior to a hearing, or conference at which a party intends to use the transcript or
11 information), or until receipt of the notice referred to in this paragraph, whichever
12 occurs sooner.
13         c.   In the case of responses to interrogatories, responses to other
14 discovery requests, affidavits, briefs, memoranda or other papers filed with the Court,
15 information contained therein may be designated as Confidential Information by
16 prominently marking such papers as confidential-subject to protective order, using the
17 same terminology the designating party has used to designate all other confidential
18 documents subject to this protective order;
19         d.   Tangible objects may be designated as Confidential Information by
20 affixing to the object or its container a label or tag marking it as confidential-subject
21 to protective order, using the same terminology the designating party has used to
22 designate all other confidential documents subject to this protective order.
23     8.   Notwithstanding the foregoing, any employee, agent, advisor,
24 representative or person affiliated with a party who is not qualified to receive
25 Confidential Information under Paragraph 9 herein may attend a deposition or other
26 proceeding at which Confidential Information may be disclosed. In such event, a
27 party seeking to designate Confidential Information must designate the specific
28 testimony or information containing Confidential Information by indicating on the

1 record at the deposition or other proceeding that such Confidential Information is
2 subject to the provisions of this Protective Order.  The party making such designation
3 shall have the right to exclude such persons from the deposition or other proceeding
4 only during the period any Confidential Information is disclosed or discussed.

5      9. Confidential Information produced pursuant to this Protective Order to
6 Requesting Party may be disclosed or made available by that party only to:

7      a. The Requesting Party (and their officers, directors, managing
8 agents or other representatives who are engaged in or are assisting in the preparation
9 of this action for trial or other resolution, except as otherwise provided herein),
10 provided that it has executed this Protective Order;

11      b. The Court and its officers, any special master, referee or mediator
12 authorized to act in this proceeding;

13      c. Counsel of record in this action and their employees or employee
14 equivalents (e.g., contract paralegals, copy vendors, etc.) who are assisting counsel in
15 the preparation of this action for trial or other resolution;

16      d. Independent experts or consultants retained by counsel or the
17 Requesting Party with respect to preparation of this action for trial or other resolution,
18 and their employees or employee equivalents who are assisting such experts or
19 consultants with respect to the preparation of this action for trial or other resolution;

20      e. Court reporters and their staff, to the extent necessary to perform
21 their duties;

22      f. A witness at any deposition or other proceeding in this action; and

23      g. Any other person to whom the parties agree in writing.

24      10. With respect to material being designated as Confidential Information,
25 any person indicated on the face of the document to be its originator, author or a
26 recipient of a copy thereof may be shown the same.

27

28 . . .

**GENERAL PROVISIONS:**

11.   Material designated under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from designated Confidential Information, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

12.   A condition precedent to disclosure of any Confidential Information to any experts or consultants as provided for in Paragraph 9(d) or any Confidential Information to any witness provided for pursuant to Paragraph 9(f) or the person whom the parties agree may receive information under Paragraph 9(g) is that person must:  (a) acknowledge receipt of this Protective Order; (b) agree to be bound thereby; (c) agree to use such information and materials solely for this litigation; (d) agree not to disclose any such information or materials to any other person, firm, or concern; and (e) agree never to use the information, directly or indirectly, in competition with the party that disclosed it nor allow any other person to do so.

13.   Each expert or consultant to whom Confidential Information is to be provided pursuant to Paragraph 9(d), each witness to whom Confidential Information is to be provided pursuant to Paragraph 9(f) and each person to whom the parties may agree pursuant to Paragraph 9(g) shall execute a declaration acknowledging the foregoing in the form set forth as follows:

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered on _____, 2010, in *Pomona Valley Hospital Medical Center v. Coventry Health Care, Inc., et al.*, United States District Court for the Central District of California, Case No. CV-10-1067 PA (PLAx) [Docket ____.]  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____                    Signature_____

                                    Print Name_____

14. Counsel for the party obtaining a person's signature pursuant to the form described in Paragraph 13 shall retain the original signed and dated acknowledgment.

15. If a "Receiving Party" (a party who has received disclosures or discovery material from a Producing Party) is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information, the Receiving Party must so notify the "Designating Party" (the party that designates the information as Confidential Information) in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or Court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material -- and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

16. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any documents containing Confidential Information unless

the Confidential Information is redacted from the document.  A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

17.   Subject to public policy, and further Court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel, in accordance with the United States District Court, Central District of California Local Rule 79-5.  In the event confidential information is included in any papers to be filed in the Court, such papers shall be accompanied by an Application to file the papers -- or the confidential portion thereof -- under seal.  The Application must show good cause for the under seal filing, and shall be directed to the judge to whom the papers are directed.  Pending the ruling on the Application, the papers or portion thereof subject to the sealing Application shall be lodged under seal.

18.   If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.  Any documents to be filed under seal must be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

19.   Confidential Information obtained from a Producing Party pursuant to pretrial discovery in this action, may be used and disclosed only for purposes of this action.  No person or party shall make any other use of any such Information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a Court order.  All Confidential Information shall be held in confidence by those inspecting or receiving it.  Counsel for each party, and each person receiving Confidential Information, shall take

1 reasonable precautions to prevent the unauthorized or inadvertent disclosure of such
2 information.  If Confidential Information is disclosed to any person other than a
3 person authorized by this Order, the party responsible for the unauthorized disclosure
4 must immediately bring all pertinent facts relating to the unauthorized disclosure to
5 the attention of the other parties and, without prejudice to any rights and remedies of
6 the other parties, make every effort to prevent further disclosure by the party and by
7 the person(s) receiving the unauthorized disclosure.
8      20.   Nothing herein shall be construed as an agreement or admission: (a) that
9 any information, document or the like, designated as Confidential Information is in
10 fact confidential or a trade secret; (b) with respect to the competency, relevance,
11 materiality, or admissibility of any such information, document or the like; (c) that
12 any document or information is subject to production.
13      21.   At any stage of these proceedings, any party may object to a designation
14 of the materials as Confidential Information.  The party objecting to the designation
15 shall notify counsel for the designating party and identify in writing with reasonable
16 specificity, the objected-to materials and the grounds for the objection.  The parties
17 shall attempt to resolve any such dispute by meeting and conferring, in compliance
18 with Local Rule 37-1.  In the event of a dispute regarding the designation or disclosure
19 of confidential information, the parties will follow the procedures for obtaining a
20 decision from the Court set forth in Local Rule 37.  If the parties want to file the Joint
21 Stipulation, required by Local Rule 37-2 under seal, the parties may file a Stipulation
22 to that effect, or the moving party may file an *Ex Parte* Application making the
23 appropriate request.  The parties shall set forth good cause in the Stipulation or *Ex*
24 *Parte* Application as to why the Joint Stipulation or portions thereof should be filed
25 under seal.  The materials at issue shall be treated as Confidential Information, as
26 designated by the designated party, until the Court has ruled on the motion or the
27 matter has otherwise been resolved.
28

22. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

23. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

24. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the Producing Party, return all Confidential Information to the Producing Party, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the producing party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

25. If a party believes that a witness or other person or entity already has or has obtained legitimate possession of Confidential Information, the party shall seek the Designating Party's written permission, or a Court order, allowing the party or counsel to discuss the information with that individual or entity.

26. Transmission by either (1) email and fax; (2) email and overnight; or (3) fax and overnight are acceptable for all notification purposes herein.

1   27.   This Protective Order may be modified by agreement of the parties, subject to approval by the Court.

2   28.   Neither the entry into the Stipulation for Protective Order nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

3   29.   This Protective Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

4   30.   This Protective Order shall extend only until the commencement of trial, and shall not apply to the introduction or presentation of evidence at the trial of this matter.  The parties shall meet and confer regarding a procedure for maintaining the confidentiality of Confidential Information at trial, or any post-trial proceedings, and shall file an appropriate motion with the district judge in advance of the trial, setting forth good cause to maintain the confidential designation of any specified documents and/or information identified in said motion.  Absent entry of an Order governing the confidentiality of documents and/or information for trial, all information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order shall be presumptively available to the public.

5   31.   The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.

Based upon the Joint Stipulation of the Parties and for good cause shown, IT IS SO ORDERED.

Dated:  June 16, 2010

_____
HON. PAUL ABRAMS
UNITED STATES MAGISTRATE JUDGE

[00418333.2]